# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| MICHELLE BRYANNA PERRY, | No. 0:12-bk-16486-JMM |
| Debtor. | **MEMORANDUM DECISION** |

## INTRODUCTION

Before the court is the Trustee's motion for disgorgement of excess or unreasonable fees paid to Debtor's attorney (ECF No. 15). This court has the authority to review fees paid to Debtor's counsel pursuant to 11 U.S.C. § 329. After notice and hearing and review of the entire case, this court now rules.

## PROCEDURE

This case presents a "core" proceeding to the court. 28 U.S.C. § 157(b)(2)(A).

## FACTS

The Debtor filed her Chapter 7 petition on July 24, 2012. Aside from the form petition, the Debtor's schedules and statement of affairs did not reflect a great deal of difficulty:

- The Debtor had no real property;
- Her personalty and exemptions were minimal and routine;
- Two lienholders, on two vehicles, were scheduled;
- Only a single unsecured creditor, with a debt of "unknown" was listed; and
- The statement of affairs had the "none" box checked on 36 of the 39 questions asked.

Later, on September 19, 2012, an amendment to the unsecured creditor list was filed, adding two more creditors with debts totaling $33,000.

For these services, Debtor's counsel was paid $2,180.

In the original schedule of exemptions, the Debtor claimed no vehicle exemption. Also, in Schedule D, the Debtor claimed a lien on the 2006 Buick Rendezvous (valued at $6,752) of $2,150 to parties named Eric and Karen Stark.

As for the 2004 Nissan, the Debtor claimed it was subject to a lien of $10,161, held by Vantage West Credit Union (ECF No. 1).

The Debtor had apparently borrowed cash from the Starks to pay for her bankruptcy. The Trustee had originally filed a motion questioning the transaction, and seeking turnover, but later withdrew the request.

## **CONCLUSION**

Based on what this court perceives to be a minimal effort by the Debtor's attorney, in this small, routine case, the court finds that a reasonable fee is $1,500. Counsel shall disgorge $680 to the Trustee for distribution to creditors. This shall be done within 30 days. Once received, the Trustee shall file a receipt with the court. A final order will be separately entered. Any appeal must be filed within 14 days after its entry on the docket. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Attorney for Debtor
Debtor
Trustee
Office of the U.S. Trustee